UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PFERD MILWAUKEE BRUSH COMPANY, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 2:12-cv-982<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and the Equal Pay Act of 1963 to correct unlawful employment practices on the basis of sex, and to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to provide appropriate relief due to Dawn S. Fuchs, who was adversely affected by such practices.

As alleged with greater particularity in Paragraph(s) 13 and 17-18 below, the plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") alleges that beginning in May 2010 and continuing to the present time, defendant PFERD Milwaukee Brush Company, Inc. ("PFERD") has discriminated against Ms. Fuchs by not paying her the same salary that it paid her male predecessor in the position of Purchasing Coordinator, even though Ms. Fuchs' duties are at least equal to her predecessor's in skill, effort, and responsibility, and are being performed under the same or similar working conditions.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343, and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as FLSA § 6(d), 29 U.S.C. § 206(d), and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

## PARTIES

3. The plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, defendant PFERD has continuously been a corporation doing business in the State of Wisconsin and has continuously had at least 15 employees.

5. At all relevant times, PFERD has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g), and (h).

6. At all relevant times, PFERD has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, PFERD has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j).

## STATEMENT OF TITLE VII CLAIMS

8. More than 30 days prior to the institution of this lawsuit, Dawn S. Fuchs filed a charge of discrimination with the EEOC alleging violations of Title VII by PFERD.

9. On June 13, 2012, the EEOC found reasonable cause to believe that PFERD had discriminated against Ms. Fuchs in violation of Title VII.

10. Also on June 13, 2012, the EEOC invited PFERD and Fuchs to engage in conciliation in an effort to resolve Ms. Fuchs' claims short of litigation.

11. On June 27, 2012, the EEOC informed PFERD that EEOC was unable to secure from PFERD a conciliation agreement acceptable to the EEOC.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. Since May 2010 and continuing to the present time, PFERD has engaged in unlawful employment practices at its Milwaukee, Wisconsin, facility in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by not paying Ms. Fuchs the same salary that it paid her male predecessor in the position of Purchasing Coordinator, even though Ms. Fuchs' duties are at least equal to her predecessor's in skill, effort, and responsibility, and are being performed under the same or similar working conditions.

14. The effect of the practices complained of in Paragraph 13 above has been to deprive Ms. Fuchs of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

15. The unlawful employment practices complained of in Paragraph 13 above were intentional.

16. The unlawful employment practices complained of in Paragraph 13 above were done with malice or with reckless indifference to Ms. Fuchs' federally-protected rights.

STATEMENT OF EQUAL PAY ACT CLAIMS

17. Beginning in May 2010 and continuing to the present time, PFERD has violated, and is violating, Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by not paying Ms. Fuchs the same salary that it paid her male predecessor in the position of Purchasing Coordinator at its facility in Milwaukee, Wisconsin, even though Ms. Fuchs' duties are at least equal to her predecessor's in skill, effort, and responsibility, and are being performed under the same or similar working conditions.

18. As a result of the acts complained of above, PFERD unlawfully has withheld, and is continuing to withhold, the payment of wages due to Ms. Fuchs.

19. The unlawful practices complained of in Paragraphs 17 and 18 above were and are willful.

PRAYER FOR RELIEF

WHEREFORE, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining PFERD and its officers, successors, and assigns, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of sex;

B. Order PFERD to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees regardless of sex and which eradicate the effects of its past and present unlawful practices;

C. Order PFERD to make Ms. Fuchs whole by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practice;

D. Order PFERD to make Ms. Fuchs whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 13 above, in amounts to be determined at trial;

E. Order PFERD to make Ms. Fuchs whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in Paragraph 13 above, including (but not limited to) emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

F. Order PFERD to pay punitive damages for its malicious and reckless conduct described in Paragraph 13 above, in amounts to be determined at trial;

G. Grant a judgment requiring PFERD to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and pre-judgment interest to Ms. Fuchs, whose wages are being unlawfully withheld as a result of the acts complained of above.

H. Grant such further relief as the Court deems necessary and proper in the public interest; and

I. Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee

PAGE 5

Case 2:12-cv-00982-NJ   Filed 09/26/12   Page 5 of 6   Document 1

Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
131 M Street, N.E.
Washington, DC 20507

| | |
|---|---|
| Dated: September 26, 2012 | s/ *John C. Hendrickson*_____<br>John C. Hendrickson<br>Regional Attorney |
| Dated: September 26, 2012 | s/ *Jean P. Kamp* _____<br>Jean P. Kamp<br>Associate Regional Attorney<br><br>EEOC Chicago District Office<br>500 West Madison Street, Suite 2000<br>Chicago, IL 60661<br>*Telephone*: (312) 869-8105<br>*Fax*: (312) 869-8124<br>*E-mail*: john.hendrickson@eeoc.gov<br>*E-mail*: jean.kamp@eeoc.gov |
| Dated: September 26, 2012 | *s/ Dennis R. McBride*_____<br>Dennis R. McBride (WI Bar No. 1000430)<br>Senior Trial Attorney<br><br>EEOC Milwaukee Area Office<br>310 West Wisconsin Avenue - Suite 800<br>Milwaukee, WI 53203-2292<br>*Telephone*: (414) 297-4188<br>*Fax*: (414) 297-3146<br>*E-mail*: dennis.mcbride@eeoc.gov |