# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

EQUAL EMPLOYMENT
OPPORTUNITIES COMMISSION

        Plaintiff,

  v.                                  **Case No. 12-CV-982**

PFERD MILWAUKEE BRUSH
COMPANY, INC.,

        Defendant.

---

## CONSENT DECREE

---

On September 26, 2012, the United States Equal Employment Opportunity Commission ("EEOC") filed Civil Action No. 2:12-cv-982 (E.D. Wis.) against PFERD Milwaukee Brush Company, Inc. ("PFERD") under the Equal Pay Act of 1963 ("EPA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and Title I of the Civil Rights Act of 1991, as amended, alleging that since May 2010, PFERD has discriminated against Dawn S. Fuchs by not paying her the same salary that it paid her male predecessor in the position of Purchasing Coordinator, even though Ms. Fuchs' duties are at least equal to her predecessor's in skill, effort, and responsibility, and are being performed under the same or similar working conditions. In its Answer filed on November 20, 2012, PFERD denied the EEOC's claims.

The EEOC and PFERD have agreed to this Consent Decree, which shall fully and finally resolve all claims raised by the EEOC in its Complaint in Civil Action No. 2:12-cv-982 (E.D. Wis.). This Consent Decree shall be final and binding on the EEOC and on PFERD and PFERD's

directors, officers, agents, employees, successors, and assigns, and all persons in active concert or participation with them.

## CONSENT DECREE

Upon the consent of the parties to this action, **IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that:

## I.    Non-Discrimination

1.    <u>Jurisdiction</u>.  This Court has jurisdiction over the parties and the subject matter of this action.

2.    <u>Public Interest</u>.  The entry of this Consent Decree will further the objectives of Title VII and the EPA and will be in the best interests of the parties, Dawn S. Fuchs, and the public.  This Decree conforms to the Federal Rules of Civil Procedure and is not in derogation of any person's rights or privileges.

3.    <u>Compliance with Title VII and the EPA</u>.  PFERD will not engage in any employment practice which constitutes discrimination or unlawful retaliation under Title VII or the EPA.  Among other things, PFERD is specifically enjoined from paying a female employee less than it pays a male employee in the same job position because of sex or for equal work on jobs which require equal skill, effort, and responsibility and are being performed under similar working conditions.

4.    <u>No Retaliation</u>.  PFERD will not engage in, implement, or permit any action, policy, or practice with the purpose of retaliating against any individual because he or she opposed any action or practice which is unlawful under Title VII or the EPA.  This includes not retaliating against individuals who file a charge of discrimination alleging any such action or practice; testify or participate in any manner in any investigation (including, but not limited to, any internal investigation undertaken by PFERD), proceeding, or hearing relating to any claim of employment

discrimination in this case or otherwise; or who was identified as a possible witness in the present action; assert any rights under this Consent Decree; or seek or receive any monetary and/or non-monetary relief in accordance with the law.

5. <u>No Limitation of Rights</u>. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit PFERD's obligations under Title VII and the EPA or the EEOC's authority to process or litigate any charge of discrimination which may be filed against PFERD in the future. Likewise, nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit PFERD's ability to defend against any such claim.

## II. Relief for Charging Party

6. <u>Settlement Payment and Release</u>. PFERD agrees to pay $65,000 to Ms. Fuchs in full and final settlement of the claims raised against PFERD in the EEOC's Complaint. Before she receives any payment, Ms. Fuchs shall sign the release attached as **Exhibit A** to this Consent Decree and the EEOC shall promptly convey her executed release to PFERD.

7. <u>Mailing of Settlement Check</u>. Within five business days of the receipt of the signed release, or of the entry of this Consent Decree by the Court, whichever occurs later, PFERD shall mail the settlement check to Ms. Fuchs by certified mail, return receipt requested, at 6078 Kueffner Court, West Bend, WI 53095. On the same day, PFERD also shall mail a photocopy of the check to Dennis R. McBride, Senior Trial Attorney, EEOC, 310 West Wisconsin Avenue - Suite 800, Milwaukee, WI 53203-2292.

8. <u>Letter of Recommendation</u>. At the request of Ms. Fuchs, PFERD shall provide her with a positive letter of recommendation in the form attached as **Exhibit B** to this Decree.

9. <u>Health Insurance Payment</u>. If, following the entry of this Consent Decree by the Court, Ms. Fuchs chooses to leave PFERD's employment, PFERD will continue her family health insurance coverage for the full calendar month immediately following her departure.

## III. Posting of Notice

10. Within 10 business days after the Court's entry of this Consent Decree, PFERD shall post same-sized copies of the Notice attached as **Exhibit C** to this Decree on the bulletin board(s) usually used by PFERD for communicating human resources matters to employees. The notice shall remain posted for 36 months from the date of entry of this Decree by the Court. Within 10 business days of the posting, PFERD also shall send a letter to Dennis R. McBride at the address listed in Paragraph 7 above, enclosing a copy of the Notice, as signed by PFERD, and stating the date and locations of its posting. PFERD shall ensure that the postings are not altered, defaced, or covered by any other material. If the posted copies are removed or become defaced or otherwise illegible, as soon as is practicable PFERD shall re-post clean and readable copies in the same manner as previously specified.

## IV. Training

11. <u>Training Session</u>. No later than September 30, 2013, PFERD shall provide training to its managers and supervisors regarding the rights of applicants and employees under Title VII and the EPA and the employer's obligations under Title VII and the EPA, with an emphasis on sex discrimination, how to keep PFERD's operations free of such discrimination, and what constitutes unlawful retaliation. The training shall be for two hours and shall include a live presentation by an employment attorney, who shall emphasize PFERD's commitment to prevent discrimination and retaliation and the protections afforded by Title VII and the EPA to those who complain of employment discrimination.

12.     <u>Training Reports</u>.  Within five business days after the required training has occurred, PFERD shall send a letter to Dennis R. McBride, Esq., at the address listed in Paragraph 7 above, certifying that the training has taken place and that the required personnel have attended.  With that letter, PFERD shall enclose a copy of the training materials along with the name, address, telephone number, and résumé of the attorney who conducted the training.

## V.     Reporting

13.     <u>Sex Discrimination and Retaliation Complaints</u>.  Once each year for three years from the entry of this Consent Decree, PFERD shall report the following information to the EEOC:  (a) the name, address, and telephone number of each PFERD employee who makes a formal or informal complaint of sex discrimination and/or retaliation; (b) a summary of the nature of the complaint or allegation, including the specific facts of the complaint, the persons involved, and the actions taken by PFERD to promptly and effectively deal with the complaint or allegation; (c) a summary of the results of any investigation, discipline, or other action taken as a result of the complaint or allegation; and (d) a description of all changes in the terms or conditions of employment for any employee who, within the preceding year, has made an internal complaint or allegation of sex discrimination and/or retaliation under Title VII or the EPA, or filed a charge, given testimony or assistance, or participated in any investigation, proceeding, or hearing under Title VII or the EPA.

14.     <u>Reporting Dates</u>.  PFERD shall make the reports in writing to Dennis R. McBride, Esq., at the address listed in Paragraph 7 above for the 12-month periods ending on May 31, 2014; May 31, 2015; and May 31, 2016, within 14 business days of the expiration of each such period.

## VI.     Dispute Resolution

15.     If either party to this Consent Decree believes that the other party has failed to comply with any provision of the Decree, within 10 business days the complaining party shall notify the other party of the alleged non-compliance and shall give the alleged non-compliant party 10 business days

to remedy the non-compliance or to satisfy the complaining party that compliance has occurred. If the alleged non-compliant party has not met these conditions within 10 business days, the complaining party may apply to the Court for appropriate relief.

## VII. Miscellaneous Provisions

16. <u>Expenses; Costs; Attorneys' Fees</u>. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

17. <u>Filing; Duration</u>. This Decree shall be filed in the U.S. District Court for the Eastern District of Wisconsin and shall continue in effect for two years from the date on which this Decree is entered. Any application by any party to modify or vacate the Decree during that period shall be made by motion to the Court on at least 30 days' notice to the other party.

18. <u>Binding Effect</u>. The terms of this Decree are and shall be binding upon PFERD's present and future representatives, agents, directors, officers, assigns, and successors, in their capacities as PFERD's representatives, agents, directors, and officers and not in their individual capacities. This Paragraph shall not be construed as placing any limit on remedies available to the Court if any individual is found in contempt for a violation of this Decree.

19. <u>Full and Final Resolution</u>. This Decree shall fully and finally resolve all claims raised by the EEOC in its Complaint in Civil Action No. 2:12-cv-982 (E.D. Wis.), and all claims arising out of the charge of discrimination filed by Dawn S. Fuchs against PFERD (EEOC Charge No. 846-2010-51208 and ERD Case No. CR201100803). This Decree is a complete resolution of all claims under Title VII, the EPA, and the 1991 Civil Rights Act that the EEOC made in this action.

20. <u>Retention of Jurisdiction</u>. This Court shall retain jurisdiction over this action for the duration of this Consent Decree in order to enforce the terms of the Decree.

**SO ORDERED, ADJUDGED, AND DECREED** this 8th day of May, 2013.

BY THE COURT:

*s/Nancy Joseph*

NANCY JOSEPH
United States Magistrate Judge


Agreed to in form and content:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By its attorneys:

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
**131 M Street,** N.W.
Washington, D.C. 20507-0100

John C. Hendrickson, Regional Attorney
Jean P. Kamp, Associate Regional Attorney
EEOC Chicago District Office
500 West Madison Street - Suite 2800
Chicago, IL  60661
*Telephone*: (312) 869-8116
*Fax*:        (312) 353-8555
*E-mail*:     john.hendrickson@eeoc.gov
*E-mail*:     jean.kamp@eeoc.gov

Dated:      May 7, 2013      *s/ Dennis R. McBride*

Dennis R. McBride, Senior Trial Attorney
EEOC Milwaukee Area Office
310 West Wisconsin Avenue - Suite 800
Milwaukee, WI  53203-2292

*Telephone*:  (414) 297-4188
*Fax*:       (414) 297-3146
*E-mail*:     dennis.mcbride@eeoc.gov


PFERD MILWAUKEE BRUSH CO., INC.,
By its attorneys:

Dated:       May 7, 2013        *s/ Noah D. Fiedler* _____
                                David J. Hanus, Esq.
                                Noah D. Fiedler, Esq.
                                Hinshaw & Culbertson, LLP
                                100 East Wisconsin Avenue – Suite 2600
                                Milwaukee, WI  53202
                                *Telephone*:  (414) 225-4807 (Hanus)
                                *Telephone*:  (414) 225-4805 (Fiedler)
                                *Fax*:       (414) 276-6464
                                 *E-mail*:    dhanus@hinshawlaw.com
                                *E-mail*:     nfiedler@hinshawlaw.com

## <u>RELEASE</u>

In consideration for $65,000 paid to me by PFERD Milwaukee Brush Company, Inc. ("PFERD") in connection with the resolution of *Equal Employment Opportunity Commission v. PFERD Milwaukee Brush Company, Inc.*, Civil Action No. No. 2:12-cv-982 (E.D. Wis.), I waive my right to recover for any claim of discrimination and/or retaliation arising under the Equal Pay Act of 1963, as amended; Title I of the Civil Rights Act of 1991, as amended; or Title VII of the Civil Rights Act of 1964, as amended, that I had against PFERD prior to the date of this release and that was included or could have been included in the claims alleged in the EEOC's complaint in *Equal Employment Opportunity Commission v. PFERD Milwaukee Brush Company, Inc.*, Civil Action No. No. 2:12-cv-982 (E.D. Wis.).

Dated: _____, 2013     _____
                                  Dawn S. Fuchs


STATE OF WISCONSIN   )
                     ) ss.
COUNTY OF _____     )

    Before me, a Notary Public in and for said State and County, duly commissioned and qualified, personally appeared Dawn S. Fuchs, to me known to be the person described herein and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed.

    Signed and sworn to before me on this _____ day of _____, 2013.


               _____
               Notary Public, State of Wisconsin
               My commission expires: _____

[**PFERD Milwaukee Brush Company stationery**]

_____, 2013

Re:    Dawn S. Fuchs

To Whom It May Concern:

Dawn S. Fuchs worked for PFERD Milwaukee Brush Company, Inc., from November 24, 1998, to _____, 20___, in a variety of progressively responsible positions, ranging from Inventory Clerk to Quality Assurance Technician/Inspector to Purchasing Coordinator.  She worked hard and performed well in each position, and we wish her well in her future employment.

Sincerely,


Sam Birel
Vice President - Operations

*Exhibit C*

# NOTICE TO EMPLOYEES

This Notice is being posted pursuant to an order of the U.S. District Court in *Equal Employment Opportunity Commission v. PFERD Milwaukee Brush Company, Inc.*, **Civil Action No. 12-C-982 (E.D. Wis.)**, resolving a lawsuit filed by the EEOC against PFERD Milwaukee Brush Company, Inc. The EEOC alleged that PFERD discriminated against a female employee in violation of federal law by not paying her the same salary that it paid her male predecessor in the position of Purchasing Coordinator, even though her duties allegedly are at least equal to her predecessor's in skill, effort, and responsibility and are being performed under the same or similar working conditions.

The EEOC is a U.S. government agency which investigates charges of unlawful employment discrimination. The EEOC has authority to bring lawsuits in U.S. district courts to enforce federal laws which prohibit discrimination in the workplace.

One such law, Title VII of the Civil Rights Act of 1964 ("Title VII"), prohibits sex discrimination against job applicants and employees. It also prohibits employers from retaliating against employees who engage in protected activities under Title VII, such as opposing pregnancy discrimination and other discriminatory employment practices, filing a charge of discrimination with a government agency, or testifying or participating in an EEOC investigation. Similarly, the Equal Pay Act of 1963 ("EPA") prohibits employers from paying different salaries to male and female employees whose duties are at least equal in skill, effort, and responsibility and which are being performed under the same or similar working conditions.

To resolve the lawsuit, the EEOC and PFERD have entered into a Consent Decree which is in effect for two years and which provides that PFERD will: (1) pay a monetary amount to the female employee to resolve her claims; (2) not discriminate on the basis of sex or retaliate against any person because he or she opposed any practice made unlawful by Title VII or the EPA, filed a discrimination charge, participated in any Title VII or EPA proceeding, or asserted any rights under the Consent Decree; and (3) train PFERD's managers and supervisors regarding sex discrimination and retaliation and PFERD's policy prohibiting such violations of federal law.

If you believe you have been discriminated against, you may call the EEOC at (414) 297-1110 or at (800) 669-4000. The EEOC does not charge fees and has employees who speak languages other than English.

THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE. This Notice must remain posted for 36 months from the date below and must not be altered, defaced, or covered by any other material.

Dated: _____, 2013     By: _____

                                              Sam Birel, Vice President of Operations
                                              PFERD Milwaukee Brush Company, Inc.